Dear Mr. Alfred:
In recent correspondence to this office you advise that you currently hold an elected position as councilman for St. Mary Parish and that you are also an employee of the parish school board. You further state that you would like to run for school board, and ask this office to the following questions, as restated:
 My first question is: when does my employment with the school board need to end so that I can run for school board before qualifying, before the primary, or can I be employed until I get sworn into office? My second question is: since my parish councilman position is not officially up until December 31, 2007, when do I have to give up the councilman position to be able to become a school board member before school board qualifying, before the primary, or before I am sworn in as a school board member?
R.S. 17:428 governs our response to your first question and provides:
 § 428. Supervisors, principals, teachers and other employees prohibited from serving on employing school board; service on neighboring or other school board
 A. After July 27, 1960 no supervisor, principal or teacher or any other school employee of any school board in this state shall be eligible to serve as a member of the board employing such person; however, such person shall be eligible to serve on any other parish or city school board if duly elected or appointed thereto. _Whenever any supervisor, principal, teacher or other school employee is elected as a member of any parish or city school board or accepts any appointment to fill an unexpired term thereon and such board is his employer, he shall immediately submit his resignation to his employing board of which he is now a member. Should any such person fail to submit his resignation, the position he holds under such employing board shall be declared vacated by the taking of the oath of office as a member of the employing board. No resignation shall be required of any supervisor, principal, teacher, or other school employee because of his election or appointment to a parish or city school board of which he is not an employee.
 B. The provisions of this Section shall not apply to any person holding office on July 27, 1960 until the end of the terms of such persons nor to any person who takes office on or before February 1, 1961. (Emphasis added).
There is nothing in R.S. 17:428 requiring you to resign from your employment in order to qualify and campaign for the office of school board member. However, R.S. 17:428 dictates that upon election "he shall immediately submit his resignation to his employing board of which he is now a member." Thus, you must immediately resign from your employment upon your election; you may not continue in your employment pending your taking the oath of office. In accord is Attorney General Opinion 90-577, copy attached.
In response to your second question, note that both R.S. 42:63(E) of our state dual officeholding and dual employments law and Section 2-06 of the St. Mary Home Rule Charter prevent you from holding two elective offices simultaneously. These provisions provide, respectively:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full- time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
* * * * *
 A. A council member shall hold no other elected public office, nor be a compensated official or employee of the Parish government or any of its political subdivisions during the term for which elected to the council. Nothing in this section shall prohibit a council member from serving as a member of a charter commission, constitutional convention or political part committee.
If you are elected school board member, you officially hold office when your term begins, as R.S. 17:52 provides:
§ 52. Election and qualification of members; term of office
 A. There shall be elected by the qualified voters of each parish police jury ward, or the equivalent thereof, of each parish of the state a member of the school board of the parish for each police juror in said ward, or the members of a parish school board shall be elected by the qualified voters in accordance with the school board reapportionment plan then in effect as authorized by law, or the members of a parish school board shall be elected in accordance with any special law applicable to the board, as the case may be. Members of Parish school boards shall be elected at the congressional elections. Members elected in 1986 and thereafter shall serve four-year concurrent terms beginning January 1 following their election. In order to implement the concurrent terms provided for herein, those members of the parish school boards who are elected in 1980 shall serve six-year terms beginning January first following their election, those members of the parish school boards who are elected in 1982 shall serve four-year terms beginning January first following their election, and those members of the parish school boards who are elected in 1984 shall serve two-year terms beginning January first following their election.
Thus, you may hold the office of police juror until your term as elected school board member begins, which is on the first day of January following your election as school board member.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams